UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MOHAMMED SALAH RAKCHI and NADJET TCHENAR,

                                      *Plaintiffs*,

            -against-

THE CITY OF NEW YORK, and JOHN DOES and JANE DOES 1-10, said names being fictitious and intended to represent individual officers, staff, personnel, attorneys and employees of the New York City Police Department, U-HAUL CO. OF FLORIDA, and WENG SOR,

                                    *Defendants*.

-----------------------------------------------------------------------X

Case No. 1:24-cv-01312-MMH

**VERIFIED AMENDED COMPLAINT**

## <u>INTRODUCTION</u>

Plaintiffs MOHAMMED SALAH RAKCHI and NADJET TCHENAR (hereinafter referred to as "Plaintiffs"), by and through his undersigned counsel, THE COCHRAN FIRM, as and for Plaintiffs Verified Complaint in this action against the Defendants THE CITY OF NEW YORK, and JOHN DOES and JANE DOES 1-10, said names being fictitious and intended to represent individual officers, staff, personnel, attorneys and employees of the New York City Police Department, U-HAUL CO. OF FLORIDA, and WENG SOR, hereby allege as follows:

## <u>NATURE OF THE CLAIMS</u>

1.    This is a civil rights and negligence action brought by Plaintiffs which seeks damages and redress for *inter alia* defendants' violation, under color of state law or action, of the rights of Plaintiff secured by 42 U.S.C. § 1983, the Due Process Clause of the Fifth Amendment and of the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of New York and/or The City of New York.

2.      This case arises out of the negligent entrustment of a U-Haul truck by the U-Haul Defendants to Defendant WENG SOR who should never have been allowed to rent or drive a vehicle due to his obvious mental health problems and a police high-speed chase by reckless and/or negligently acting police officers through a busy residential neighborhood which resulted in Plaintiff, MOHAMMED SALAH RAKCHI, being struck by the U-Haul truck on February 13, 2023.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (1-4) and 2202 as this case involves a federal question based on Plaintiffs' protected rights under the United States Constitution, particularly the 5th and 14th Amendments, 42 U.S.C. §§ 1983 and 1988, and Monell.

4.      Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate state law claims pursuant to 28 U.S.C. § 1367. The matter in controversy exclusive of interest and costs exceeds $100,000 (one hundred thousand dollars).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within the Eastern District of New York.

## PARTIES

### Plaintiffs

6.      Plaintiffs MOHAMMAD SALAH RAKCHI and NADJET TCHENAR are husband and wife and reside in the County of Kings, City and State of New York.

### Municipal Defendants

7.      At all times relevant hereto, Defendant THE CITY OF NEW YORK ("NYC") was a municipal corporation duly existing under and by virtue of the laws of the State of New York maintained its principal place of business at 100 Church Street, New York, New York 10007.

Moreover, NYC supervises, owns, controls, maintains, manages and operates the municipal agency, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"). At all times relevant hereto, the City Defendant was responsible for hiring, training, monitoring and supervising the NYPD and its employees.

8.     At all times relevant hereto, Defendant NYC supervised, owned, controlled, maintained, managed and operated the municipal agency NYPD and at all times relevant hereto was responsible for the hiring, training, directing, supervising, and disciplining of its employees which include, but are not limited to the Doe Defendants named herein.

<u>Defendants John and Jane Does</u>

9.     At all times relevant hereto, Defendants "JOHN DOES" and "JANE DOES" 1-10 were individual police officers, staff, personnel and/or employees of the NYPD and representatives of the CITY OF NEW YORK, and they directly participated in the unlawful activity that is the subject of this Complaint.

10.     At all times relevant hereto, Defendants "JOHN DOES" and "JANE DOES" 1-10 were individual police officers, staff, personnel and/or employees of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

<u>U-Haul Co. of Florida</u>

11.     At all times relevant hereto, Defendant U-HAUL CO. OF FLORIDA (hereinafter "Defendant U-HAUL") was a foreign corporation incorporated under the laws of the state of Florida and having a principal address of 2311 Angel Oliva Senior St. C/O U-Haul International, Tampa, Fl 33605.

12.     On information and belief, at all times relevant hereto, Defendant U-HAUL was duly authorized to conduct business throughout the country including the States of Florida and New York.

13.     On information and belief, at all times relevant hereto, Defendant U-HAUL was the owner of a truck bearing Arizona Registration Plate #AL73238.

14.

### Defendant Weng Sor

15.     At all times relevant hereto, Defendant WENG SOR was a resident of the State of Nevada.

16.     At all times relevant hereto, Defendant WENG SOR rented  and/or  leased  the vehicle owned by Defendant U-HAUL.

17.     The rented vehicle was registered in the State of Arizona and had a license plate # AL73238 for the year 2023.

18.     Weng Sor rented the vehicle in the State of Florida and then drove it with the permission and consent of Defendant U-HAUL.

19.     At all times relevant hereto, Defendant WENG SOR operated the vehicle owned by Defendant U-HAUL registered in the State of Arizona and bearing plate # AL73238 for the year 2023 HAUL with the permission and consent of Defendant U-HAUL.

## PROCEDURAL REQUIREMENTS

20.     Within the requisite time period, the Plaintiffs each served a Notice of Claim against the City of New York and the NYPD on March 23, 2023.

21.     In compliance with Section 50-H of the General Municipal Law, the Plaintiff Nadjet Technar was questioned under oath.

22.    Plaintiff Rachi was made available for his oral examination, however, The City of New York has reserved their rights to conduct the hearing at a later date.

23.    More than six months have elapsed since the Plaintiffs served their Notice of Claim and the City Defendants have not adjusted the same.

24.    All conditions and requirements precedent to the commencement of this action have otherwise been met.

## **FACTUAL ALLEGATIONS**

A.    DEFENDANT SOR'S LIABILITY

25.    On or about February 13, 2023, at approximately 10:17 A.M., MOHAMMED SALAH RAKCHI, was a lawful citizen who was negligently struck by a truck owned by Defendant U-HAUL bearing Arizona Registration Plate #AL73238.

26.     Defendant WENG SOR who was entrusted to drive this vehicle by the U-Haul Defendants, drove the vehicle in a negligent fashion as he was being pursued by NYPD officers in a high-speed police chase.

27.    Specifically, SOR ignored traffic signals, ran through red lights, failed to yield the right of way to pedestrians, drove at an excessive rate of speed, struck lawfully operated vehicles who had the right of way, failed to give appropriate warnings all in violation of NY State and NY City laws that prohibit such conduct.

28.    The negligent operation of the U-Haul truck was a proximate cause of the accident.

B.    U-HAUL DEFENDANTS LIABILITY

29.    The Vehicle operated by Defendant SOR was negligently entrusted to WENG SOR by the U-Haul Defendants.

30.     On information and belief, at the time Defendant SOR – who has a documented history of mental illness – rented the Vehicle from the U-Haul Defendants he was exhibiting visible and obvious signs and symptoms of emotional disturbance and psychological illness.

31.     Upon information and belief, these signs and symptoms included Defendant SOR's exhibited erratic behavior, rambling speech, incoherent dialogue, inability to easily comprehend simple instructions and commands, requiring multiple, repeated instructions, delusional statements, and behavior as well as unsteadiness on his feet.

32.     On information and belief the relevant employees of the U-Haul Defendants observed and recognized these signs and symptoms, yet nevertheless agreed to entrust him, while in a state of emotional and psychological disturbance, with a 5,800-pound vehicle that they owned.

33.     On information and belief, Defendant SOR had previous convictions for Driving Under the Influence/Driving While Intoxicated ("DUI/DWI").

34.     On information and belief these convictions would have appeared on a cursory search of Defendant WENG SOR's driving record had that search been done by Defendant U-Haul.

35.     Upon information and belief, the U-Haul Defendants either negligently failed to check Defendant SOR's driving record, or negligently elected to rent him the Vehicle despite their knowledge of his history of operating motor vehicles in a dangerous and criminal manner and while he was in a state of obvious mental illness or emotional disturbance.

36.     Moreover, on information and belief, after having rented the vehicle to Defendant SOR, U-Haul defendants were notified by North Carolina officials, that Defendant SOR had violated laws concerning safe driving practices while driving through the state of North Carolina.

37.     Specifically, a few days before the accident in this case, Defendant SOR was pulled over and issued summonses in connection with unlawful and unsafe driving.

38.     Upon information and belief, the U-Haul defendants again ignored the clear and obvious signs that Defendant SOR was a ticking time bomb behind the wheel of their vehicle due to his mental and emotional illness and his exhibited unsafe driving practices.

39.     U-Haul defendants continued to entrust the truck to SOR without regard to the warning signs of his mental illness, emotional disturbance and unsafe driving to which they had notice.

40.     U-Haul defendants made no attempt to recapture the negligently entrusted vehicle despite the fact that they had the means and opportunity to do so prior to the accident in this case.

41.     The U-Haul defendants' conduct in entrusting their vehicle to SOR was a proximate cause of the accident and injury inflicted upon the plaintiffs.

C.      The City of New York and John and Jane Does

42.     The occurrence and resulting injuries to Plaintiffs were also proximately caused by Defendants the City of New York and John and Jane Does who were negligent and/or acted with deliberate indifference to the safety of others by virtue of their high-speed pursuit of Defendant SOR under the circumstances that were present at the time.

43.     Specifically, while engaging in the high-speed pursuit, the NYPD acted in a reckless, grossly negligent, deliberately indifferent manner.

44.     The pursuit was done by police vehicles driving onto sidewalks in broad daylight, in front of businesses that were open[1] and doing business nearly killing innocent bystanders.

---

[1] https://www.youtube.com/watch?v=8J96SvIEfBo?t=12

45.     The police vehicles were driven at excessive rates of speed without regard to pedestrians and others, including Plaintiff Mohammad Rakchi, who were put into harm's way, and either injured or killed.[2]

46.     This conduct was in wanton disregard by THE CITY OF NEW YORK and NYPD as well as their agents, servants and/or employees in their handling of the crisis; and in failing to obey pertinent laws, statutes, ordinances, rules and regulations.

47.     Upon information and belief, there was no basis for the City Defendants and JOHN and JANE DOES to have pursued Defendant SOR in a high-speed chase initially as he had committed no felony offense at the time the chase began.

48.     By virtue of the police pursuing SOR at high rates of speed, they in part spurred him to drive more recklessly than he had been prior to the accident with plaintiff.

49.     The pursuit occurred negligently and/or with deliberate indifference to human life as protected by the due process clause of the US Constitution.

50.     In addition, the chase occurred in violation of the NYPD Patrol Guide and Section 1104 of the New York State Vehicle and Traffic law ("VTL § 1104").

51.     That the CITY OF NEW YORK failed to adopt reasonable policies or provide adequate training of its employees, servants, agents, and in failing to discipline those who have many times in the past pursued high-speed chases, effectively created a policy, custom and/or practice of allowing this type of deliberate indifference to continue.

52.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference by

---

[2] Indeed, upon information and belief the moment Defendant SOR struck Plaintiff can be seen in the video link in the preceding footnote approximately 14 seconds in.

initiating, or failing to terminate, vehicle pursuits when the risks to officers and the public DOES NOT outweigh the danger to the community if the suspect is not immediately apprehended.

53.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference by failing to consider or apply the factors set forth in Section 221-15 of the NYPD Patrol Guide before initiating and in terminating vehicle pursuits.

54.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference by failing to abide by the requirements of VTL § 1104.

55.     Moreover, the NYPD has for an extended number of decades up to and including today, has engaged in this custom, practice and/or policy.

56.     The adherence to the custom, practice and/or policy has been demonstrated during the last few years.

57.     Specifically, in or about December of 2022 – months before Plaintiffs' injuries – at the direction of NYPD Chief of Patrol John Chell ("Chief Chell"), and at the acquiescence of NYPD Commissioners Keechant Sewell and Edward A. Caban,, Defendant NYC continued its policy of routinely ignoring Section 221-15 of the NYPD Patrol Guide by engaging in vehicle pursuits in situations where when the risks to officers and the public DOES NOT outweigh the danger to the community if the suspect is not immediately apprehended.[3]

58.     One of the stated reasons for this policy is to crack down on traffic related to "quality of life" related matters.[4]

---

[3] https://nypost.com/2023/07/10/nypds-john-chell-blames-ghost-cars-for-uptick-in-police-pursuits-in-nyc/
[4] Id.

59.     As a result of this policy, from December 2022 to March of 2023 the NYPD engaged in 600% more vehicle pursuits than it had in the corresponding period in the previous year,[5] and by the first half of 2023 had engaged in more vehicle pursuits than it had in the previous five years combined.[6]

60.     Indeed, Chief Chell is quoted as saying to reporters, "[w]ith the enforcement of more moving summonses and car stops, and people thinking they can take off on us? Those days are over[.]"[7]

61.     Defendant NYC engaged in a policy, practice, or custom of failing to properly train, instruct and direct police officers and/or personnel in the proper, appropriate and required use and operation of emergency and/or warning equipment, horns, sirens, lights, apparatus and/or devices of police department motor vehicles and/or the appropriate and required care, precautions and conduct to be exercised during high-speed chase/pursuit operations and/or the required termination, discontinuation, deceleration, and cessation of high-speed chase/pursuit motor vehicle operations in favor of public safety.

62.     The custom, practice and policy of high-speed police pursuits was a cause in the accident injuring plaintiffs.

63.     The police pursuit of Defendant SOR was done such that police vehicles were driving onto sidewalks in broad daylight, in front of businesses that were open and with pedestrians and others, including Plaintiff Mohammad Rakchi, who were put into harm's way, and either injured or killed.

---

[5] https://www.thecity.nyc/2023/07/05/nypd-car-chases-eric-adams-quality-life-community/
[6] https://www.thecity.nyc/2023/07/21/nypd-car-chase-increase-chell/
[7] https://jalopnik.com/whats-behind-the-nypds-sudden-spike-in-car-chases-1850683463

64.      This conduct was in wanton disregard by THE CITY OF NEW YORK and NYPD as well as their agents, servants and/or employees in their handling of the crisis; and in failing to obey pertinent laws, statutes, ordinances, rules and regulations.

## AS AND FOR A FIRST CAUSE OF ACTION

Negligent Entrustment
Against U-Haul Defendants .

65.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.      At all times relevant hereto, Defendant U-Haul owned, managed, controlled, supervised, and maintained the vehicle bearing Arizona Plate #AL73238 (the "Vehicle") for the year 2023 which was involved in the accident with plaintiff.

67.      At all times relevant hereto, Defendant U-Haul leased and/or rented vehicle bearing Arizona Registration Plate # AL73238 to Defendant SOR and thereby entrusted him with the vehicle.

68.      On information and belief, at all times relevant hereto, Defendant U-Haul was in possession of information that made or should have made it reasonably aware that renting a vehicle to Defendant Sor would be unreasonably dangerous.

69.      On information and belief, Defendant SOR had been previously convicted for driving under the influence/driving while intoxicated.

70.      On information and belief, Defendant U-HAUL negligently failed to conduct a check of Defendant SOR's driving record – which would have revealed his prior convictions – before renting the Vehicle to him. Alternatively, Defendant U-HAUL ran a check of Defendant SOR 's driving record, discovered his prior convictions, and nevertheless negligently rented the Vehicle to Defendant SOR.

71.     On information and belief, at the time Defendant SOR attempted to rent the Vehicle from Defendant U-HAUL he was exhibiting erratic behavior and visual signs of emotional distress and psychological instability. Defendant U-HAUL nevertheless elected to rent the Vehicle to Defendant Weng Sor despite knowing or having reasonably should have known the Defendant Weng Sor was unfit to operate a motor vehicle.

72.     The foregoing knowledge notwithstanding, Defendant U-HAUL negligently entrusted Defendant SOR with Vehicle.

73.     Following Defendant U-HAUL's negligent entrustment of the Vehicle to Defendant SOR, Defendant SOR negligently, recklessly, or intentionally used the Vehicle to cause the severe, permanent, physical and psychological injuries suffered by Plaintiff MOHAMMAD SALAH RAKCHI and the loss of services suffered by Plaintiff NADJET TCHENAR.

74.     As a direct and proximate result of Defendant HAUL's negligent entrustment of the Vehicle to Defendant SOR, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than the jurisdictional limits of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

### Deprivation of Rights Under 42 U.S.C. § 1983
### Against Defendants John and Jane Does 1-10

75.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76.     Each of the NYPD officers involved in the pursuit of the Vehicle, said officers having been sued herein as Defendants JOHN and JANE DOES 1-10, violated Plaintiff MOHAMMED SALAH RAKCHI's due process rights by acting with deliberate indifference, gross negligence, and recklessness in engaging in the high-speed chase or pursuit of a motor

vehicle thus creating/increasing the risk of Plaintiff being struck by either the subject vehicle or a police vehicle.

77.     As a direct and proximate result of the affirmative actions of the NYPD officers creating a danger and/or in increasing a danger of being struck by a high-speed vehicle faced by Plaintiff caused Plaintiff to be struck by a vehicle in the course of a police pursuit resulting in severe, life-altering physical injuries as well as psychological injuries as a result of being placed in the zone of danger during a police chase.

78.     All of the aforementioned acts of Defendants were carried out under the color of state law and deprived the Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C §1983.

79.     Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective authority, which is forbidden by the United States Constitution. As a result of the Defendants' conduct, Plaintiff was injured by the Decedent's death and is entitled to damages.

### <u>AS AND FOR A THIRD CAUSE OF ACTION</u>

<u>Supervisor Liability under 42 U.S.C. § 1983</u>
<u>Against the City of New York</u>

80.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

81.     On information and belief certain of the individuals named in this Complaint as "JOHN DOES and JANE DOES 1-10" were employed by the NYPD as supervisors, and were responsible for directing, supervising, instructing, and commanding the NYPD officers pursuing Defendant WENG SOR on the date Plaintiffs suffered their injuries.

82.     The above-referenced supervisors violated their supervisory duties by directing NYPD officers to conduct a police chase in a manner that was deliberately indifferent to Plaintiffs' rights and the rights and safety of the general public.

83.     By virtue of this violation of supervisory duty, Plaintiffs suffered significant emotional, physical, and financial injuries to which they are entitled to compensation.

## AS AND FOR A FOURTH CAUSE OF ACTION

### *Monell* Liability under 42 U.S.C. § 1983
### Against the City of New York

84.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

85.     That by reason of all of the foregoing, the decedent suffered serious injury due to the deprivation of her rights under the Constitution, created by a deliberate indifference to the decedent's rights, by policy-level decision on the part of Defendant NYC.

86.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference to pursuit and/or chase of a fleeing suspect at extremely high rate of speed for relatively minor offenses so widespread and ingrained as to "have the force of law."

87.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference by initiating, or failing to terminate, vehicle pursuits when the risks to officers and the public DOES NOT outweigh the danger to the community if the suspect is not immediately apprehended.

88.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference by

failing to consider or apply the factors set forth in Section 221-15 of the NYPD Patrol Guide before initiating and in terminating vehicle pursuits.

89.     The Defendant CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT engaged in a policy, regimen, routine, or custom of deliberate indifference by failing to abide by the requirements of VTL § 1104.

90.     Defendant NYC engaged in a policy, practice, or custom of failing to properly train, instruct and supervise police officers and/or personnel in the proper, appropriate and required use and operation of emergency and/or warning equipment, horns, sirens, lights, apparatus and/or devices of police department motor vehicles and/or the appropriate and required care, precautions and conduct to be exercised during high-speed chase/pursuit operations and/or the required termination, discontinuation, deceleration, and cessation of high-speed chase/pursuit motor vehicle operations in favor of public safety.

91.     These policies, practices, and customs have resulted in countless injuries and fatalities. Examples include, but are not limited to:

a.     In or about August of 2022 two NYPD officers – Niketas Janios and Marya Cardona Quintero – were stripped of their firearms and placed on suspension pending an investigation into the propriety of a chase initiated and maintained by Officers Janios and Quintero against an ATV which resulted in a crash that killed the ATV's driver and passenger.[8] The pursuit and subsequent fatal collision occurred as a part of the City Defendants' campaign against "quality of life" offenses.[9]

---

[8] https://www.nytimes.com/2022/08/21/nyregion/fatal-crash-queens-nypd.html
[9] Id.

b.      On or about April 26, 2023 an NYPD officer who on information and belief was in pursuit of a vehicle collided with a scooter rider in the Bronx.[10]

c.      On or about May 25, 2023, an NYPD officer attempted to run a moped operator off the road using their NYPD SUV on the Van Wyck Expressway.[11]

d.      On or about August 1, 2023, 10 people were injured in a NYPD pursuit of a stolen vehicle before the suspect was stopped and apprehended by civilian bystanders.[12]

e.      On or about August 16, 2023, a cyclist was struck and injured during a vehicle pursuit that began after a gun investigation.[13]

f.      A December 26, 2023, incident where a police chase following an attempted traffic stop for running a red light led to the death of a 21-year-old woman.[14]

g.      A December 31, 2023, incident where NYPD officers pursuing a stolen vehicle crashed into two vehicles injuring 6 people, 4 of whom were children.[15]

h.      Indeed, on information and belief, mere seconds after Defendant SOR struck Plaintiff, NYPD officers were recorded driving on a sidewalk at a high rate of speed with deliberate indifference to the rights and safety of pedestrians and in violation of VTL § 1104.[16] Further, on information and belief, the NYPD officers who were pursuing Defendant SOR at or around the time Plaintiff suffered his injuries had not activated their overhead light bar or any red light that under ordinary atmospheric conditions would be visible from any direction from a distance of at least 500 feet as required by VTL § 1104(c).

---

[10] https://www.nbcnewyork.com/news/local/man-on-scooter-struck-by-nypd-cruiser-during-bronx-pursuit-witnesses-say/4276244/
[11] https://nyc.streetsblog.org/2023/05/25/thursdays-headlines-is-this-cop-trying-to-kill-this-moped-rider
[12] https://nypost.com/2023/08/01/car-hits-pedestrians-at-nyc-intersection-injuring-at-least-10/
[13] https://www.nbcnewyork.com/news/local/cyclist-run-down-by-driver-fleeing-nyc-police-chase/4595986/
[14] https://www.cbsnews.com/newyork/news/inwood-police-chase-fire-death/
[15] https://nypost.com/2023/12/31/metro/2-cops-6-civilians-hurt-in-fiery-nypd-car-crash-on-staten-island/
[16] https://www.youtube.com/watch?v=8J96SvIEfBo

92.     That by reason of all of the foregoing, the Plaintiff suffered catastrophic injuries, including multiple fractures, head injuries, and months long hospitalization including a coma.

93.     These injuries were due in part to the deprivation of Plaintiff's rights under the Constitution, created by such regimen, routine and custom of deliberate indifference to the Plaintiff's and public safety, by policy-level decision on the part of said Defendants to act, or fail to act.

94.     That the Defendant NYC's custom or policy of deliberate indifference to the rights of others can be inferred from the fact and circumstances surrounding cases like *Monell v. Department of Social Services of New York City*, 436 U.S.658 (1978), and other similar civil rights actions that have been brought heretofore.

95.     That by reason of all of the foregoing, the Plaintiff brings a *Monell* Claim for serious injuries and damages he suffered as a result of the deliberate indifference and heightened level of culpability on the part of the Defendants herein.

## <u>AS AND FOR A FIFTH CAUSE OF ACTION</u>

<u>Negligence</u>
<u>Against Defendant SOR, the City of New York and John and Jane Does 1-10</u>

96.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

97.     At all times relevant hereto, the CITY OF NEW YORK owned and operated certain police department motor vehicles.

98.     At all times relevant hereto, the CITY OF NEW YORK owned police department motor vehicles based out of the 68th Precinct in Brooklyn.

99.     At all times relevant hereto, the Defendant NYPD owned certain police department motor vehicles.

100.    At all times relevant hereto, the Defendant NYPD owned police department motor vehicles out of the 68th Precinct in Brooklyn, New York.

101.    At all times relevant hereto, Defendants "JOHN DOES" and "JANE DOES" 1-10 operated said police department motor vehicles.

102.    At all times relevant hereto, Defendants "JOHN DOES" and "JANE DOES" 1-10 operated said police department motor vehicles out of the 68th Precinct in Brooklyn.

103.    At all times relevant hereto, Defendants "JOHN DOES" and "JANE DOES" 1-10 operated said police department motor vehicles in the course and scope of their employment with Defendant City of New York.

104.    At all times relevant hereto, Defendants "JOHN DOES" and "JANE DOES" 1-10 operated said police department motor vehicles in the course and scope of their employment with Defendant NYPD.

105.    At all times relevant hereto, it was the duty of the Defendants to properly and adequately follow, abide by, comply with, promulgate, enforce, instruct and direct police officers and/or personnel in the proper, appropriate and required termination, discontinuation, acceleration and cessation of high-speed chase/pursuit motor vehicle operations in favor of the public safety.

106.    At all times relevant hereto, the roadways and sidewalks in the Bay Ridge vicinity of Brooklyn, County of Kings, State of New York, were public roadways and sidewalks in common use by the residents of the State of New York and others.

107.    That on the 13th day of February 2023, the said police department motor vehicles being operated over and along the public roadways and sidewalks in the Bay Ridge vicinity of Brooklyn, County of Kings, State of New York.

108.    That on the 13th day of February 2023, the said police department motor vehicles were engaged in a high-speed chase/pursuit operation over and along the roadways and sidewalks in the Bay Ridge vicinity of Brooklyn, County of Kings, State of New York .

109.    DEFENDANT SOR, who operated his vehicle in violation of the New York State and City traffic rules likewise in negligent fashion including running up on sidewalks, failing to yield to lawful traffic, and other unsafe manners including excessive speed.

110.    That on the 13th day of February 2023, the said police department motor vehicles were being operated by "JOHN DOES" and "JANE DOES" 1-10 over and along the public roadways and sidewalks in the Bay Ridge vicinity of Brooklyn, County of Kings, State of New York.

111.    That on the 13th day of February 2023, the said police department motor vehicles were engaged in a dangerous, prolonged, accelerating high speed chase/pursuit operation over and along the public roadways and sidewalks in the Bay Ridge vicinity of Brooklyn, County of Kings, State of New York.

112.    That on the 13th day of February 2023, the said police department motor vehicles were engaged in a dangerous, prolonged, accelerating high speed chase/pursuit being conducted, continued and prolonged by the Defendants herein.

113.    That on the 13th day of February 2023, the said police department motor vehicles were engaged in a dangerous, prolonged, accelerating high speed chase/pursuit operation being conducted, continued and prolonged by the Defendants herein, in reckless disregard for the public safety.

114.    That on the 13th day of February 2023, the Plaintiff MOHAMMED SALAH RAKCHI was riding his bicycle in the Bay Ridge neighborhood in the City of Brooklyn, State of New York.

115.    That on the 13th day of February 2023, the motor vehicle owned by Defendant U-HAUL and driven by Defendant WENG SOR (the "U-Haul") was in contact with Plaintiff, MOHAMMED SALAH RAKCHI's bicycle.

116.    On the 13th day of February 2023, the U-Haul was being chased and/or pursued by the police department motor vehicles of the Defendants herein were in violent contact with the bicycle of Plaintiff, MOHAMMED SALAH RAKCHI.

117.    That on the 13th day of February 2023, the vehicle entrusted to SOR by U-Haul which was being chased and/or pursued by the police department motor vehicles of the Defendants herein, struck the Plaintiff MOHAMMED SALAH RAKCHI.

118.    At all times herein mentioned, the Defendants conducted, authorized, sanctioned, directed and persisted in the said prolonged accelerating high-speed chase/pursuit police motor vehicle operation in gross, reckless, wanton and malicious disregard for the safety, protection and well-being of other motorists, bicyclists and persons, including the Plaintiff herein.

119.    At all times herein mentioned, the Defendants, including Defendant SOR, and JOHN and JANE DOES negligent conduct jointly and severally caused catastrophic injury to the Plaintiff MOHAMMED SALAH RAKCHI and loss of services to his wife.

120.    That by reason of the foregoing, the Plaintiff MOHAMMED SALAH RAKCHI sustained serious personal injuries and other medical conditions which resulted in severe and excruciating conscious pain, suffering and loss of enjoyment of life which resulted from the

injuries sustained by reason of the negligence of the Defendants, and without any negligence on the part of the Plaintiff contributing thereto.

121.    That by reason of the foregoing, the Plaintiff MOHAMMED SALAH RAKCHI sustained serious personal injuries and other medical condition which resulted in broken bones, severe head trauma, comatose condition, severe and excruciating conscious pain, which resulted from the injuries sustained by reason of the negligence of the Defendants, and without any negligence on the part of the Plaintiff contributing thereto.

122.    That the foregoing personal injuries and the severe conscious pain and suffering were caused solely by reason of the carelessness, negligence, wanton, and willful disregard on the part of the Defendants, and without any negligence on the part of the Plaintiff contributing thereto.

123.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

124.    Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiffs economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

125.    Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

126.    Pursuant to CPLR Section 1602(6), Defendants are jointly and severally liable for all of Plaintiffs' damages including but not limited to economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants' use, ownership or operation of their motor vehicles.

127.    Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that the said Defendants are vicariously liable for the negligent acts or omissions of the operators of their vehicles.

128.    That by reason of the foregoing the Plaintiffs have sustained severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION

Negligent Hiring, Supervision, and Training
(Against the City of New York)

129.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

130.    At all times relevant hereto, it was the duty of the Defendant NYC, via the NYPD, to select and screen for hiring for retention or discharge as employees operating police department motor vehicles, and conducting high speed chase/pursuit operations therewith, those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

131.    At all times relevant hereto, it was the duty of the said Defendants to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of their servants, agents, employees and/or personnel operating motor vehicles, and conducting high speed chase/pursuit operations therewith, in the course and scope of employment for said Defendants.

132.    That by reason of the negligence and lack of supervision of the said Defendants in hiring, monitoring and retention of said Defendant police officers, employees and personnel herein, with knowledge of the unsuitable, incompetence and unfitness to act and serve and unfitness to continue to act and serve as employees operating said police department motor vehicles and conducting high speed chase/pursuit operations therewith, by reason of the Defendants' breach of duties, the Plaintiff was caused to suffer severe injuries and damages without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing Plaintiff extreme conscious pain, suffering, torment and agony.

133.    That by reason of the foregoing, Plaintiff has suffered severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Court which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION

<u>Negligence</u>
<u>Against Weng Sor</u>

134.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

135.    At all times relevant hereto, Defendant SOR rented and/or leased the vehicle owned by Defendant U-HAUL registered in the State of Arizona and bearing plate # AL73238 for the year 2023 HAUL with the permission and consent of Defendant U-HAUL

136.    At all times relevant hereto, Defendant SOR operated the vehicle owned by Defendant U-HAUL registered in the State of Arizona and bearing plate # AL73238 for the year 2023 HAUL with the permission and consent of Defendant U-HAUL.

137.    On or about February 13, 2023 at approximately 10:17 A.M., Defendant SOR was driving the vehicle owned by Defendant U-HAUL bearing Arizona Registration Plate #AL73238

in and around the intersection of 4th Avenue and 55th Street in the County of Kings, City and State of New York.

138.    Plaintiff MOHAMMED SALAH RAKCHI was lawfully operating a bicycle at the time and location stated above, when the vehicle operated by Defendant WENG SOR made contact with his body.

139.    By reason of the foregoing, Plaintiff MOHAMMED SALAH RAKCHI was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; Plaintiff MOHAMMED SALAH RAKCHI will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff MOHAMMED SALAH RAKCHI incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff MOHAMMED SALAH RAKCHI will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff MOHAMMED SALAH RAKCHI's great damage.

140.    The aforedescribed incident was caused solely by the carelessness, negligence, recklessness, and/or deliberate indifference of parties other than Plaintiff MOHAMMED SALAH RAKCHI, including but not limited to Defendant WENG SOR.

141.    This action falls within one or more of the exceptions set forth in New York C.P.L.R. 1602.

142.    Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff's a non-delegable duty of care.

143.    Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

144.    Pursuant to CPLR Section 1602(6), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of their use, permissive use, ownership, or operation of a motor vehicle.

145.    Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of the operator of said vehicle.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

Loss of Services

146.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

147.    That as a result of the injuries sustained by the Plaintiff MOHAMMED SALAH RAKCHI as a result of the within catastrophic police motor vehicle chase/pursuit operation on the part of the Defendants, the Plaintiff was caused to suffer severe personal injuries on February 23, 2023.

148.    That as a result of the injuries sustained the Plaintiff, NADJET TCHENAR have been permanently and totally deprived of the usual, anticipated and potential services, support, aid, maintenance and contribution of the said Plaintiff and were obliged to incur losses and other expenses and were severely damaged.

That by reason of the foregoing, the Plaintiff, NADJET TCHENAR has suffered severe damages in an amount which is in excess of the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction, and in an amount to be determined upon the trial of this action.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues of fact and damages.

## **CONCLUSION**

WHEREFORE, Plaintiffs demand judgment against the Defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: April 11, 2024
      New York, NY

                          Respectfully submitted,

                            /s/ Derek S. Sells.
                        Derek S. Sells, Esq.
                        The Cochran Firm
                        55 Broadway, 23rd Floor
                        New York, NY 10006
                        T: (212) 553-9215
                        F: (212) 227-8763
                        dsells@cochranfirmny.com