```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

MOHAMMED SALAH RAKCHI, NADJET
TCHENAR,
                                           MEMORANDUM & ORDER
              Plaintiffs,
                                           No. 24-CV-01312(KAM)(MMH)
     - against -

CITY OF NEW YORK, et al.,

              Defendants.

------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On February 21, 2024, Plaintiffs Mohammed Salah Rakchi ("Rakchi") and Nadjet Tchenar ("Tchenar") (collectively, "Plaintiffs") commenced this action against Defendants City of New York (the "City"), John and Jane Does 1-10 (the "Doe Defendants," and together with the City, the "City Defendants"), U-Haul Co. of Arizona ("UHAZ"), Discount Auto Mall, LLC ("Discount Auto" and together with UHAZ, the "U-Haul Defendants"), and Weng Sor (collectively, "Defendants").[1] Plaintiffs allege nine causes of action, including: negligent entrustment ("Count One"), deprivation of rights under 42 U.S.C. § 1983 against the Doe Defendants ("Count Two"), supervisory liability under 42 U.S.C.

---

[1] Plaintiffs' Second Amended Complaint, filed August 28, 2024, names U-Haul Co. of Florida ("UHFL") as a defendant. (ECF No. 29.) UHFL, however, was dropped from this action on January 24, 2025, when Plaintiffs filed their third amended complaint. (*See* ECF No. 49.) Defendant UHAZ was named in the action in UHFL's place. (*See id.*)

§ 1983 against the Doe Defendants ("Count Three"), *Monell* liability under 42 U.S.C. § 1983 against the City ("Count Four"), negligence against Sor and the City Defendants ("Count Five"), negligent hiring, supervision and training against the City ("Count Six"), negligence against Sor ("Count Seven"), loss of services ("Count Eight"), and vicarious liability against Defendant UHAZ ("Count Nine").  (ECF No. 49, Third Amended Complaint ("TAC").)

Presently before the Court are two motions to dismiss by: (1) the City Defendants to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) UHFL's motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6). In their Third Amended Complaint, (ECF No. 49), Plaintiffs dropped UHFL as a defendant and thus, UHFL's motion to dismiss the Second Amended Complaint is **DENIED** as moot.  For the reasons set forth below, the City Defendants' motion to dismiss the Third Amended Complaint is **GRANTED** as to the City Defendants with prejudice, and the remaining state law claims against the remaining defendants are dismissed without prejudice.

## BACKGROUND

The Court accepts the following allegations in Plaintiffs' Third Amended Complaint as true for the purpose of resolving the motions to dismiss under Rule 12(b)(6).  *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023).

2

I.  **Factual Background**

On or about February 1, 2023, Defendant Weng Sor ("Sor") rented a U-Haul vehicle in Florida with Arizona Plate #AL73238 from Defendants UHAZ and Discount Auto (hereinafter the "Vehicle"). (TAC ¶ 78.) Plaintiffs allege that, at the time Sor rented the Vehicle, he was exhibiting "erratic behavior" and "visual signs of emotional distress and psychological instability." (TAC ¶ 82.) During Sor's drive to Florida to rent the Vehicle, he was arrested in Wyoming for driving in an unsafe manner and had his rental vehicle confiscated by law enforcement. (TAC ¶ 43.) Despite this behavior, UHAZ negligently failed to check Sor's driving record, which would have revealed prior convictions for driving under the influence. (TAC ¶ 42.) Discount Auto subsequently entrusted Sor with the Vehicle. (TAC ¶¶ 82, 83.) Plaintiff alleges that, after the U-Haul Defendants rented the Vehicle to Sor, UHAZ was notified by North Carolina officials that Sor had violated laws regarding safe driving practices while driving through North Carolina. (TAC ¶ 44.)

On February 13, 2023, police officers with the New York Police Department ("NYPD") (hereinafter, the "Officer Doe Defendants"), engaged Sor in a prolonged, high-speed car chase in the Bay Ridge area of Brooklyn, New York. (*Id.* ¶¶ 133, 134.) As Sor was pursued by NYPD officers, he "ignored traffic signals, ran through red lights, failed to yield the right of way to pedestrians, drove at

3

an excessive rate of speed, struck lawfully operated vehicles who had the right of way, [and] failed to give appropriate warnings[.]" (*Id.* ¶ 32.) Plaintiffs allege that the NYPD officers had no basis to pursue Sor in a high-speed chase because Sor had committed no felony offense at the time the chase began. (*Id.* ¶ 55.) Plaintiffs further allege that the NYPD officers acted with "intent to deliberately inflict bodily injury upon, or end the life of [Weng Sor] by *inter alia* ramming him with a motor vehicle, otherwise causing a motor vehicle collision, regardless of the appropriateness of said use of force." (*Id.* ¶ 89.) Plaintiff also alleges that, during the course of the pursuit, the Officer Doe Defendants were "instructed, directed, ordered, or commanded . . . to commence, engage in, continue and to not cease" their high-speed pursuit by certain, unnamed supervisory officers (the "Supervisor Doe Defendants"). (*Id.* ¶ 96.)

During the course of the NYPD's high-speed pursuit, Sor struck Plaintiff Rakchi at the intersection of 4th Avenue and 55th Street in Brooklyn, New York, while Rakchi was riding his bicycle. (*Id.* ¶¶ 136, 137.) Plaintiffs allege that, at the time Rakchi was struck, the NYPD officers pursuing Sor had not activated their overhead light bar or any red light visible under ordinary conditions from a distance of at least 500 feet as required by Section 1104(c) of the New York State Vehicle and Traffic Law ("VTL"). (*Id.* ¶ 110.) As a result of Sor's collision with Rakchi,

4

Rakchi suffered injuries including multiple fractures, head injuries, and a months-long hospitalization which included a coma. (*Id.* ¶ 111.)

After Sor was apprehended by the NYPD, he made certain statements to law enforcement including, *inter alia*, that he "learned magic from an invincible wizard who created all human life," he "rented a large vehicle to protect himself from invincible things and religious and spiritual enemies," and his "desire and intent to bring about a 'Judgment Day.'" (TAC ¶ 38.)

## II.  Procedural Background

On February 21, 2024, Plaintiffs filed this action against Weng Sor, the City of New York, John and Jane Does 1-10, and U-Haul International, Inc.  (ECF No. 1.)  On April 11, 2024, Plaintiffs filed an amended complaint, substituting Defendant U-Haul Co. of Florida in place of U-Haul International, Inc.  (*See* ECF No. 6, the "Amended Complaint.")  On August 1, 2024, the Court held a pre-motion conference, advised Plaintiffs of certain deficiencies with the Amended Complaint, and granted leave for Plaintiffs to file a second amended complaint.  Plaintiffs subsequently filed their Second Amended Complaint on August 28, 2024.  (*See* ECF No. 29, the "Second Amended Complaint" or "SAC.")

As the parties were briefing the instant motions to dismiss, Plaintiffs served a cross-motion to file a third amended complaint which names U-Haul Arizona and Discount Auto Mall, LLC as

5

defendants in place of U-Haul Co. of Florida.  (*See* ECF Nos. 45, 45-1.)  Upon consent from all Defendants, Plaintiffs' proposed third amended complaint was adopted on January 24, 2025 and filed as a standalone document.  (*See* Docket Order dated January 24, 2025; ECF No. 49, "Third Amended Complaint" or "TAC.")  In light of Plaintiffs' Third Amended Complaint, which no longer names UHFL as a defendant in this action, UHFL's motion to dismiss is accordingly denied as moot.  Defendants UHAZ and Discount Auto have not moved to dismiss.  The Court now considers the City Defendants' motion to dismiss.  (ECF No. 52, "City Mem.")

## LEGAL STANDARD

The City Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

When considering a Rule 12(b)(6) motion to dismiss, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint."  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  To survive a motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  However, the Court

6

need not accept conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

In resolving a motion under Rule 12(b)(6), the Court must limit its consideration to the complaint, documents incorporated by reference into the complaint, documents not incorporated but nonetheless integral to the complaint and matters properly subject to judicial notice. *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

## **DISCUSSION**

### I.   **Plaintiffs' Substantive Due Process Claim**

Plaintiffs allege that officers John and Jane Does 1-10 violated their substantive due process rights "by acting with deliberate indifference, gross negligence, and recklessness in engaging in the high-speed chase or pursuit of a motor vehicle thus creating/increasing the risk of Plaintiff being struck by either the subject vehicle or a police vehicle." (TAC ¶ 88.)  For the reasons below, Plaintiffs' allegations are insufficient to state a substantive due process claim.

To establish a substantive due process claim, a plaintiff must show that the complained-of action was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *City of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *United States v. Salerno*, 481 U.S. 739, 746 (1987) ("So-

7

called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' . . . or interferes with rights 'implicit in the concept of ordered liberty'") (citations omitted).  Courts have "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

In the context of a high-speed pursuit, the police are required to take quick action, with obligations that "tend to tug against each other."  *Lewis*, 523 U.S. at 853.  As noted by the Supreme Court, the police have a duty "to restore and maintain lawful order, while not exacerbating disorder more than necessary to do their jobs.  They are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made 'in haste, under pressure, and frequently without the luxury of a second chance.'"  *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 320 (1986)).  Thus, to assert a substantive due process violation arising from a high-speed police pursuit, Plaintiffs must allege "a purpose to cause harm unrelated to the legitimate object of arrest" to demonstrate "the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Lewis*, 523 U.S. at 836.

Plaintiffs, however, have made no allegations that the

Officer Doe Defendants possessed a purpose to cause harm to Plaintiffs beyond the legitimate object of Sor's apprehension. In fact, Plaintiffs have not made any allegations that the Officer Doe Defendants directed any conduct towards Plaintiffs at all.[2] Rather, even under a generous reading of the Third Amended Complaint, Plaintiffs merely allege that, by pursuing Sor, the NYPD negligently or recklessly set in motion a chain of events which caused the fleeing suspect, Sor, to strike Rakchi. (TAC ¶¶ 56, 72, 73.) Although such allegations may state cognizable tort claims, it is well-established that the Constitution does not protect against such unintended injuries. As the Supreme Court has long held, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849; *see Paul v. Davis*, 424 U.S. 693, 701 (1976) (finding that the Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States[.]"). "It is, on the

---

[2] Although this has not yet been addressed by the Second Circuit, other circuits have held that the officers' intent to harm must be directed at the plaintiff, and not a third party. *See Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1239 (10th Cir. 2022) (noting that circuit precedent "requires that the intent to harm be directed at the plaintiff, not a third person) (collecting cases); *Claybrook v. Birchwell*, 199 F.3d 350, 360-61 (6th Cir. 2000) (finding no "conscience-shocking" behavior where defendant officers shot and killed a bystander victim that they were unaware was present). *Cf. Davis v. Township of Hillside*, 190 F.3d 167, 170 n.2 (3d Cir. 1999) (agreeing with the Ninth Circuit that "under *Lewis*, 'if a police officer is justified in giving chase, that justification insulates the officer from constitutional attack, irrespective of who might be harmed or killed as a consequence of the chase.'") (quoting *Onossian v. Block*, 175 F.3d 1169, 1171 (9th Cir. 1999)).

contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849; *see Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property" (emphasis in original)). The Third Amended Complaint contains no allegations that the Officer Doe Defendants intended or directed any conduct, much less "conscience-shocking" conduct, towards Plaintiffs. Accordingly, Plaintiffs' allegations fail to state a substantive due process claim.[3]

## II. Plaintiffs' *Monell* Claims

Plaintiffs allege that the City is liable under *Monell v. Department of Social Services of City of New York* ("*Monell*"), 436 U.S. 658 (1978), for policies that encourage police officers to engage in high-speed vehicle pursuits for "relatively minor offenses," despite risks to the public. (TAC ¶¶ 101-14.) Plaintiffs also allege that the City "fail[ed] to properly train, instruct and supervise police officers and/or personnel in the

---

[3] The Court notes that Plaintiffs also allege that they were "injured by the Decedent's death" in their Third Amended Complaint but identifies no person in any of their allegations that is deceased as a result of the facts in this case. (*See* TAC ¶ 92.)

10

proper, appropriate and required use and operation of emergency and/or warning equipment, horns, sirens, lights, apparatus and/or devices of police department motor vehicles and/or the appropriate and required care, precautions and conduct to be exercised during high-speed chase/pursuit operations[.]" (*Id.* ¶ 108.) Plaintiffs do not point to any specific official policies in their Third Amended Complaint, but reference instead a series of isolated instances in which NYPD officers caused death or injury in the course of a high-speed car pursuit over a fifteen-year period.[4] (*Id.* ¶ 110.) For the reasons stated below, Plaintiffs have failed to state a *Monell* claim under either a policy or custom theory of liability or a failure to train theory of liability.

To hold a municipality responsible under § 1983, a plaintiff must establish: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). A municipality, however, may not be held liable for the actions of its employees or agents under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. Thus, "isolated acts . . . by non-policymaking municipal employees are generally not sufficient" to establish municipal liability. *Jones v. Town of E. Haven*, 691

---

[4] The Court further notes that, although Plaintiffs delineate certain incidents where injuries and deaths have occurred in part due to a high-speed police pursuit, (TAC ¶ 101), Plaintiffs allege no facts indicating that any of these incidents involved conduct "shocking to the conscience," as opposed to mere negligence.

11

F.3d 72, 80 (2d Cir. 2012).

As provided by the Second Circuit, an underlying constitutional violation is "a prerequisite to municipal liability under *Monell*." *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)); *Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019) ("It is well-settled that a *Monell* claim cannot succeed without an underlying constitutional violation."). "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal*, 459 F.3d at 219 (emphasis in original). "A municipality cannot be liable for inadequate training or supervision when the officers involved . . . did not violate the plaintiff's constitutional rights." *Curley v. Vill. of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001). Once a "district court [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct." *Segal*, 459 F.3d at 219. In light of the Court's findings on Plaintiffs' substantive due process claim, Plaintiffs' *Monell* claims premised on their substantive due process violation is

12

dismissed for failure to state a claim.[5]

### III. Plaintiffs' Supervisory Liability Claim

Plaintiffs bring a claim of supervisory liability arising from the Supervisor Doe Defendants' "directing, supervising, instructing, and commanding" of the NYPD officers in pursuit of Sor. (TAC ¶ 94.) The Third Amended Complaint does not set forth any allegations against each of the Supervisor Doe Defendants individually and does not identify what specific conduct is allegedly attributable to each Supervisor Doe Defendant. Instead, the Third Amended Complaint groups all Supervisor Doe Defendants together as "Supervising Officers" who "instructed, directed, ordered, or commanded" the pursuing officers. (*Id.* ¶¶ 93-99.)

As set forth above, Plaintiffs have failed to allege a constitutional violation. Where "there was no underlying constitutional violation, there is also no supervisory liability." *Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014). Accordingly, because Plaintiffs have not alleged a cognizable constitutional violation, Plaintiffs' supervisory liability claim is also

---

[5] Even if Plaintiffs have alleged a cognizable constitutional violation, Plaintiffs nevertheless fail to adequately allege the second element of a *Monell* claim – specifically, how a policy requiring police officers to engage in high-speed pursuits "contributed to or caused" the constitutional injury. *Simms v. City of New York*, No. 10-cv-3420 (NGG), 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011), *aff'd*, 480 F. App'x 627 (2d Cir. 2012). It is not unconstitutional for police officers to engage in high-speed pursuits of suspects, nor do police officers violate the Constitution by negligently or recklessly injuring fleeing suspects or bystanders in the course of the pursuit. *See Lewis*, 523 U.S. at 852-54. Thus, Plaintiffs' *Monell* claim fails for this separate reason.

13

dismissed for failure to state a claim.[6]

## IV. Plaintiffs' Loss of Services Claims

Plaintiff Nadjet Tchenar also brings a claim for loss of services arising from Rakchi's injuries. (TAC ¶¶ 170-73.) To the extent that Plaintiffs bring this claim under § 1983, this claim fails as a matter of law.

"While the Second Circuit has not addressed whether a plaintiff may bring a loss of consortium claim pursuant to federal civil rights statutes, the weight of authority holds they may not." *Harrison v. Harlem Hosp.*, No. 5-cv-8271 (WHP), 2007 WL 2822231, at *4 (S.D.N.Y. Sept. 28, 2007), *aff'd*, 364 F. App'x 686 (2d Cir. 2010). That weight includes district courts in this circuit and several other circuit courts. *See, e.g.*, *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 292 (S.D.N.Y. 2005) ("[Section] 1983 does not support derivative claims for loss of consortium."); *Stallworth v. City of Cleveland*, 893 F.2d 830, 837-38 (6th Cir. 1990) ("[Section 1983] provides redress to a party suffering injuries from a deprivation of any rights, privileges or immunities

---

[6] Plaintiffs also fail to "plead . . . that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002). Here, even assuming that the pursuing NYPD officers violated Plaintiffs' constitutional rights, Plaintiffs make no allegations as to each supervisor's personal involvement in any unconstitutional actions. This is insufficient to allege supervisory liability under § 1983. *See Tangreti*, 983 F.3d at 619 (noting that a plaintiff may not establish liability "by reason of [the official's] supervision of others who committed the violation.")

14

secured by federal law . . . [A] loss of consortium claim does not represent an injury based on a deprivation of [such] rights, privileges, or immunities."); *Shaw v. Stroud*, 13 F.3d 791, 805 (4th Cir. 1994) (declining to recognize wife and minor child's Fourteenth Amendment claim for loss of love and support of their deceased husband and father); *Pritzker v. City of Hudson*, 26 F. Supp. 2d 433, 445 (N.D.N.Y. 1998) ("Loss of consortium is not an independent cause of action, but is derivative . . . [and] Section 1983 does not support a derivative claim for loss of consortium."). Accordingly, to the extent Plaintiffs assert a claim for loss of services pursuant to § 1983, the claim is dismissed.

**V.   Plaintiffs' Remaining State Law Claims**

Having disposed of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims arising under New York law. *See* 28 U.S.C. § 1367(c)(3). A district court may decline to exercise supplemental jurisdiction over a claim under a number of circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction of the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299,

15

305 (2d Cir. 2003); see also *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."). Accordingly, because the values of judicial economy, convenience, and comity would not be served by exercising supplemental jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and dismisses them without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss is **GRANTED**. Plaintiffs' federal claims against the City Defendants are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' claims against U-Haul Co. of Arizona, Discount Auto Mall, LLC, and Weng Sor, arising under New York state law, and those claims are **DISMISSED without prejudice** to be re-filed in state court. The Clerk of Court is respectfully requested to enter judgment in favor of the City Defendants and close this case.

**So ordered.**

Dated:   September 22, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York